**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

CASE NO. _____

MAGDALENA FRENCH,

    Plaintiff,

v.

PLYMOUTH AT CENTURY
VILLAGE CONDOMINIUM #IV
ASSOCIATION, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, MAGDALENA FRENCH ("**Plaintiff**"), by and through her undersigned counsel, hereby sues Defendant, PLYMOUTH AT CENTURY VILLAGE CONDOMINIUM #IV ASSOCIATION, INC. ("**Defendant**"), for declaratory and injunctive relief, and alleges:

## NATURE OF ACTION

1. Plaintiff, a ninety-eight (98) year old woman who is wheelchair-bound, is the owner of the property located at 13800 SW 5 Court, #201M, Pembroke Pines, Florida 33027-7423 (the "Unit"), which is located in Building M of the Plymouth at Century Village #IV Condominium (the "Condominium"). In the midst of a global pandemic, Defendant, which is the condominium association for the Condominium, has elected to repair the only elevator in the building where the Unit is located and has refused Plaintiff a reasonable accommodation to ensure her safe access to the Unit. The repairs to the elevator commenced and/or were scheduled to commence on June 1, 2020.

2. Prior to filing this action, and because relocation of Plaintiff's residence during the planned elevator repairs is not feasible because of the risks presented by the Covid-19 pandemic,

Plaintiff requested that Defendant pay for airfare so that she and her live-in nurse can travel to New Jersey to stay with her son while the elevator is repaired. Defendant refused the very reasonable request for accommodation by Plaintiff, a disabled person, and offered only that the elevators will be operational from 8 am through 11 am on Monday and Thursday of the week of June 1, 2020 and from 8 am through 11 am on Tuesdays and Thursdays beginning the week of June 8, 2020 and continuing until such time as the elevator repairs are completed. In other words, the only accommodation that Defendant offered Plaintiff, a disabled person, was to make the elevator available for 6 hours per week. While such an accommodation may be feasible for purposes of running errands and attending doctor's visits, it raises a life-safety issue should Plaintiff have a medical or other emergency at a time when the elevator is not operational.

3. To further exacerbate matters, Defendant did not even make the unreasonable accommodation it offered available to Plaintiff. On June 4, 2020, Plaintiff was scheduled to fly to New Jersey, at her own expense, to avoid being trapped in the Unit for the time being. The morning of her flight, when Plaintiff tried to access the elevator between the 8 am through 11 am timeframe offered by Defendant, the elevator was not available for her use. As a result, Plaintiff missed her flight to New Jersey and is effectively trapped in the Unit until such time as the elevator repairs are completed at some point in the indefinite future.

4. Pursuant to the Fair Housing Amendment Act of 1988, Defendant is required to provide accommodations for Plaintiff, a disabled person, so that she may use and occupy her Unit while the building's elevators undergo renovations. As a result of the elevator renovations contemplated by Defendant, Plaintiff will not have access to the elevators for over a month, and, therefore, will either be locked in the Unit for all but 6 hours per week, including if a medical emergency arises, or be forced out of the Unit. Plaintiff presented accommodation requests to

Defendant, but Defendant refused and failed to provide any reasonable accommodations for her during these times. As a result, Defendant has discriminated against Plaintiff on the basis of her disability and violated the Fair Housing Amendment Act of 1988.

## PARTIES, JURISDICTION & VENUE

5. This is a Complaint seeking relief under the Fair Housing Amendment Act of 1988 and this Court has jurisdiction because the claim is based (at least in part) on a federal question.

6. Plaintiff, at all relevant times, was a resident of Broward County, Florida.

7. Defendant is a corporation organized under the laws of Florida, with its principal place of business in Broward County, Florida.

8. This Court is vested with jurisdiction over the Defendant because the Defendant conducts substantial business within the State of Florida and is organized under the laws of Florida.

9. Venue of this action is proper in this jurisdiction because Defendant's principal place of business is in and the alleged causes of action accrued in Broward County, Florida.

## GENERAL ALLEGATIONS

10. Plaintiff is a 98 year old wheelchair-bound woman who owns and occupies the Unit.

11. The Condominium, specifically including the Condominium's common areas, is operated by Defendant as the Condominium's association under Chapter 718 of the Florida Statutes.

12. On or about May 11, 2020, Plaintiff received a notice from Defendant notifying that a re-modernization project of the elevator in the building where the Unit is located would

begin on June 1, 2020. The notice, which is attached hereto as Exhibit A, stated that the "elevator will be shut down for approximately 4-5 weeks. During this time, the elevator cannot be used at all." Further, the notice cautioned the occupants of the Condominium from contacting Defendant's office for accommodations.

13. Bound to a wheel-chair, Plaintiff would be prohibited from leaving the Unit, which is located on a second floor, if she is unable to access the elevator in her building.

14. Upon receiving the notice, Plaintiff (through her undersigned counsel) requested that Defendant make accommodations so that she is able to access her home while the elevators undergo renovations. Taking into consideration these unprecedented times in which Plaintiff's compromised health presents a significant risk should she contract the Covid-19 virus, Plaintiff initially requested that the elevator project be postponed to a later time. Allowing for this postponement would have given Plaintiff sufficient time to find and propose alternative accommodations that do not place her health and life in peril.

15. Defendant refused to postpone the renovations of the elevator in the Condominium.

16. Plaintiff then proposed that her and her live-in nurse go stay with her son in New Jersey and that Defendant merely pay for first class[1] air travel to and from New Jersey for herself and her nurse.

17. Again, Defendant refused to provide the requested accommodations and professed no obligation to provide any accommodations.

18. Instead, Defendant offered to provide elevator access for only 6 hours per week.

---

[1] Plaintiff requested first class air travel because such arrangements would (i) ensure adequate social distancing during a multi-hour flight; and (ii) would not be cost-prohibitive in the current environment where airfare is relatively inexpensive.

19. Defendant's refusal to provide an accommodation for Plaintiff would essentially lock Plaintiff in the Unit for up to six weeks. Defendant's refusal to accommodate Plaintiff's needs would limit her ability to visit doctors, go grocery shopping, or do anything other than remain in the Unit. Most glaringly, Defendant's counter-proposal providing for elevator access for 6 hours per week is unworkable, in the event of an emergency such as a fire or a medical emergency that would require Plaintiff to leave the Unit.

20. Because of Defendant's refusal to accommodate Plaintiff, as required by the Fair Housing Amendment Act, Plaintiff has been left no alternative but to retain the undersigned counsel to prosecute this action and request injunctive relief. Plaintiff is obligated to pay the undersigned reasonable attorneys' fees for their services.

21. All conditions precedent to the filing of this action have occurred, been performed or otherwise been waived.

## CAUSES OF ACTION

**COUNT I – VIOLATION OF THE FAIR HOUSING AMENDMENT ACT OF 1988**

22. Plaintiff repeats the allegations of Paragraph 1 through 21 above as is set forth fully herein.

23. This is an action for violation of the Fair Housing Amendment Act of 1988, as set forth in 42 U.S.C. § 3604 (the "**FHAA**"), stemming from Defendant's refusal to make reasonable accommodations when such accommodations are necessary to afford Plaintiff an equal opportunity to use and enjoy the Unit and the Condominium.

24. The FHAA makes it unlawful to refuse to make reasonable accommodations to rules, policies, practices, or services when such accommodations may be necessary to afford persons with disabilities an opportunity to use and enjoy a dwelling.

25. Discrimination under the FHAA includes a "refusal to make reasonable accommodations in. .. services when such accommodation may be necessary to afford such person equal opportunity to use and enjoy the dwelling.." 42 U.S.C. §3604(3)(B) (2018).

26. Plaintiff requested that the building postpone the elevator repairs until a later time, so as to allow for her to make any necessary accommodations without having to put her health or life at risk during a global pandemic. When denied such a basic accommodation, Plaintiff requested that her and her live-in nurse be flown to New Jersey so that she may stay with her son as the elevator repairs were underway. Defendant also denied the latter request. Instead, Defendant advanced the unreasonable and reckless accommodation of providing Plaintiff elevator access for only 6 hours per week. Such an accommodation, however, presents a host of life safety issues, including limiting Plaintiff's ability to exit the Condominium should a medical emergency arise.

27. Defendant's refusal to make any reasonable accommodations so as to ensure that Plaintiff can freely access the Unit and/or does not have her life and health imperiled, is in direct violation of the Fair Housing Amendment Act, which requires Defendant to make accommodations for those with disabilities.

28. Because of Defendant's refusal, Plaintiff, a disabled person, will not be able to occupy or benefit from the Unit without placing her life in significant danger.

29. Plaintiff has no adequate remedy at law and would suffer irreparable harm should Defendant not be enjoined from continuing the elevator repairs at the Condominium.

30. Accordingly, and as set forth in 42 U.S.C. §3613, Plaintiff is entitled to actual and punitive damages, as well as permanent or temporary injunctive relief or a temporary

restraining order enjoining Defendant from any further discriminatory practices and/or ordering Defendant to make a reasonable accommodation for Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the court enter judgment in her favor and against Defendant, finding that Defendant has violated 42 U.S.C. §3604(3)(B) of the Fair Housing Amendment Act of 1988 by discriminating against Plaintiff in refusing to provide reasonable accommodations during the time that the elevators are undergoing renovations, enjoining Defendant from continuing with the elevator repairs in the Condominium until such time as a reasonable accommodation can be made for Plaintiff to access the Unit or otherwise not be placed in peril, awarding Plaintiff the costs, including reasonable attorneys' fees as provided for under 42 U.S.C §3613(c)(2), and granting such other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated on this 4th day of June 2020.

Respectfully submitted,

By:    s/ Luis A. Cordero
       Luis A. Cordero
       Florida Bar No.: 856400
       lcordero@corderoassociates.com
       Cordero & Associates, P.A.
       *Counsel for Plaintiff*
       200 S. Biscayne Blvd., Ste. 4650
       Miami, FL 33131
       T: (305) 777-2677
       F: (305) 777-2670

By:    s/ Eduardo F. Rodriguez
       Eduardo F. Rodriguez
       Florida Bar No. 036423
       EFR LAW FIRM
       *Counsel for Plaintiff*
       1 Alhambra Plaza, Ste. 1225
       Coral Gables, Florida 33134
       Office: (305) 340-0034
       Mobile: (305) 978-9340
       eddie@efrlawfirm.com